**E-FILED**
Wednesday, 13 February, 2013  01:14:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   02-cr-10144 |
| | ) | |
| SHANE D. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Request the Court to "Entertain" a Motion for Reconsideration of its Order on his previous Motion under 18 U.S.C. § 3582(c)(2).[1] (Doc. 417). For the reasons stated below, the Court declines to entertain such a motion, as it would be meritless.

Defendant was convicted by a jury in this Court of conspiracy to distribute more than 50 grams of crack cocaine and more than 500 grams of cocaine (Count 1) in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; distribution of more than 5 grams of crack cocaine (Count 2) in violation of 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2; and distribution of more than 50 grams of crack cocaine (Count 4) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. On January 19, 2007, Defendant was sentenced to a prison term of 240 months on each of Counts 1, 2, and 4, running

---

[1]     Also pending is a Motion for Leave to Proceed on Appeal in forma pauperis. (Doc. 419). The prison trust fund ledger accompanying that Motion was insufficient to permit the Court to evaluate Defendant's financial status, so the Court requested a complete ledger from Petitioner's institution. (Doc. 420). Once the Court receives a proper ledger from the prison, it will rule on the Motion for Leave to Proceed on Appeal in forma pauperis.

concurrently, followed by a five year term of supervised release on each of Counts 1, 2, and 4, running concurrently. (Doc. 275). Defendant's conviction and sentence were affirmed on appeal. (Doc. 329).

In an Order dated January 4, 2013, the Court denied Defendant's two motions for reduction of his sentence due to recent amendments to the Sentencing Guidelines. (Doc. 413). In that Order, the Court explained that, though Defendant would be eligible for a reduction in his applicable Guideline range due to these amendments to the Sentencing Guidelines, § 1B1.10(b)(2) of the Sentencing Guidelines prevented the Court from granting Defendant a sentence below that new range; since he was originally sentenced to a term of imprisonment below that range, resentencing would not result in a reduced sentence. (Doc. 413 at 3). Defendant filed a Notice of Appeal related to that denial. (Doc. 414). Defendant now asks the Court to indicate whether it would be inclined to grant his Motion for Reconsideration of its January 4, 2013 Order.[2] In his instant Motion, Defendant claims two errors by the Court: (1) an incorrect calculation of his amended Guidelines range, and (2) a misunderstanding of U.S.S.G. § 1B1.10(b)(2) as mandatory.

As for the first point, that the Court miscalculated Defendant's amended Guideline range, Defendant appears to make three sub-points, none of which alter

---

[2]     As Defendant explains, a Notice of Appeal divests this Court of jurisdiction over any further substantive matters in this case. However, if a party wishes, after filing an appeal, to have the district court reconsider its decision in order to perhaps avoid the need to follow through with the appeal, it may ask the court to indicate whether it would consider such a request for reconsideration. If the district court indicates that it would consider such a request, the party can then ask the appellate court to remand the case for further consideration by the district court.

the outcome of the recent Order: (a) because of a ruling at the original sentencing, the Court should have eliminated the enhancement for his being a "ringleader;" (b) because of a ruling at the original sentencing, the Court should have eliminated the enhancements for use of a weapon and involvement of minors; and (c) the Court should have used 1.5 kilograms of cocaine base as the relevant quantity. The Court will address each of these in turn.

Contrary to Defendant's statement in his instant Motion, the Court did not reject at sentencing the enhancement for Defendant's being a ringleader in the conspiracy. Instead, the Court merely noted that *if* it were to accept Defendant's argument that he was not the ringleader, his offense level would be reduced. (Sent. Tr. 219).[3] However, the Court did not make the ruling that Defendant was not a ringleader, and so need not apply such a ruling at this stage to reduce Defendant's sentencing range under the amended Guidelines. Defendant was and is eligible for the four-level enhancement for his ringleader status.

As Defendant points out, at his sentencing the Court accepted his arguments challenging two of the enhancements proposed in the Presentence Report, involving weapons and minors. (Sent. Tr. 207). Each of these enhancements was a two-level enhancement, so the Court's agreement with Defendant's arguments on these points resulted in the reduction of his total offense level from 46 to 42. (Sent. Tr. 207). The Court's calculations in the recent Order reflect that adjustment – the Court noted that Defendant's total offense level had been 42 under the pre-

---

[3]    Defendant has included relevant excerpts of his sentencing transcript with his instant Motion at pages 11-13. (Doc. 417 at 11-13). These excerpts will be cited herein as "Sent. Tr."

amendment Guidelines. (Doc. 413 at 2). The Court's new calculations in the recent Order reflected those prior rulings and need not be adjusted.

Finally, Defendant is correct that the Court found, in a "conservative estimate," that Defendant was responsible for 1.5 kilograms of cocaine base. (Sent. Tr. 206). Under the pre-amendment Guidelines, this drug quantity resulted in a base offense level of 38, while, pursuant to the amended Guidelines, it results in a base offense level of 34. The Court relied on the amended base offense level of 34 in its recent Order.

In sum, at the original sentencing the Court found Defendant to be responsible for 1.5 kilograms of cocaine base, and applied a four-level enhancement for his role as a ringleader, though it did not also apply two two-level enhancements for use of a weapon and involvement of minors. Applying the amended Guidelines, Defendant's base offense level is now 34, so with the addition of the four-level enhancement previously applied (but without the two rejected two-level enhancements), Defendant's total offense level becomes 38, as the Court explained in its January 4 Order. (Doc. 413 at 2-3). The amended Guideline range for this total offense level is 292 to 365 months' imprisonment.

As to Defendant's second claim, it is plainly erroneous – the Court does not have discretion to re-sentence Defendant below his new Guideline range, due to U.S.S.G. § 1B1.10(b)(2). This section of the Guidelines provides:

> (A) Limitation.--Except as provided in subdivision (B)[4], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C.

---

4       Subdivision (B) makes an exception for downward departures due to the defendant's substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B). As the Court noted in its January 4, 2013 Order, Defendant's original sentence was below his then-

3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b)(2). By virtue of the recent Guidelines amendments, Defendant's new sentencing range would be 292 to 365 months' imprisonment, meaning that the lowest-available sentence upon resentencing would be 292 months under U.S.S.G. § 1B1.10(b)(2). (Doc. 413 at 3). As Defendant was originally sentenced to 240 months, resentencing him according to the amended Guidelines would do him no good.

Defendant argues that even though the terms of U.S.S.G. § 1B1.10(b)(2) are plainly mandatory, the Court still has discretion to depart downward from both his new Guidelines range of 292 months and his original sentence of 240 months. (Doc. 417 at 5-8). This type of claim has been clearly rejected by the Seventh Circuit. *United States v. Anderson*, 488 Fed.Appx. 129, 130-31 (7th Cir. 2012) (citing U.S.S.G. § 1B1.10(b)(2)(B); *Dillon v. United States*, 130 S.Ct. 2683, 2691-92 (2010)) ("Now a defendant[] whose original sentence was below the new Guideline range is eligible for relief only if his original sentence was based on a downward departure based on substantial assistance to the government."); *United States v. Beserra*, 466 Fed.Appx. 548, 550 (7th Cir. 2012) ("Under the amended version of § 1B1.10 [which took effect November 1, 2011], a district court shall not reduce a term of imprisonment below the revised guidelines range unless the court originally imposed a below-guidelines term of imprisonment 'pursuant to a government

---

applicable Guidelines range, but this downward departure was not due to Defendant's substantial assistance. (Doc. 413 at 3). For this reason, § 1B1.10(b)(2)(B) does not apply; only § 1B1.10(b)(2)(A) is relevant.

motion to reflect the defendant's substantial assistance."").[5] Therefore, the Court is without the power to reduce Defendant's sentence below the bottom of the new Guideline range of 292 months, and there is no basis for it to reconsider its January 4, 2013 Order explaining this fact.

### CONCLUSION

Because Defendant has shown no basis for reconsideration of the Court's January 4, 2013 Order, the Court declines to entertain a Motion for Reconsideration of it. Defendant's Motion to Request the Court to "Entertain" a Motion for Reconsideration (Doc. 417) is DENIED.


Entered this <u>13th</u> day of February, 2013.


s/ Joe B. McDade<br>
_____<br>
JOE BILLY McDADE<br>
United States Senior District Judge

---

[5]    The Seventh Circuit noted that a court is to apply the version of § 1B1.10 in effect at the time it rules on the § 3582(c)(2) motion. *Beserra*, 466 Fed.Appx. at 550. (citing U.S.S.G. § 1B1.10 cmt. n. 6 (2011); *United States v. Rivera*, 662 F.3d 166, 186 n. * (2d Cir. 2011)).

Defendant also relies on *Freeman v. United States*, but in that case the Supreme Court clearly held that U.S.S.G. § 1B1.10(b)(2) is binding: "In an initial sentencing hearing, a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in § 3582(c)(2) proceedings are forbidden, USSG § 1B1.10(b)(2)(A), except where the original sentence was itself a downward departure." 131 S.Ct. 2685, 2693 (2011). After *Freeman* was decided, U.S.S.G. § 1B1.10(b)(2) was further modified to allow a below-Guideline modification only where the original downward departure was based on the defendant's substantial assistance, which, as explained above, is inapplicable here. *Anderson*, 488 Fed.Appx. at 130-31; *Beserra*, 466 Fed.Appx. at 550. Because this amendment took effect in November 2011, well before the Order at issue here, the Court must apply the stricter version of U.S.S.G. § 1B1.10(b)(2).